MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
DESHIKA GAYMON *individually and on behalf of others similarly situated*,

       *Plaintiff*,

  -against-

GRAMERCY SURGERY CENTER, INC.
(D/B/A GRAMERCY SURGERY CENTER)
AUSTIN CHENG, JEFFREY FLYNN,
NELSON GRAMERCY,

       *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

  Plaintiff Deshika Gaymon ("Plaintiff Gaymon" or "Ms. Gaymon"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., and as against Gramercy Surgery Center, Inc. (D/B/A Gramercy Surgery Center), ("Defendant Corporation") Austin Cheng, Jeffrey Flynn, and Nelson Gramercy ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

  1. Plaintiff Gaymon is a former employee of Defendants Gramercy Surgery Center, Inc. (d/b/a Gramercy Surgery Center), Austin Cheng, Jeffrey Flynn, and Nelson Gramercy.

  2. Defendants own, operate, or control a medical facility, located at 59-25 Kissena Boulevard Flushing, NY 11355 operating under the name "Gramercy Surgery Center".

  3. Upon information and belief, individual Defendants Austin Cheng, Jeffrey Flynn, and Nelson Gramercy, serve or served as owners, managers, principals, or agents of Defendant

Corporation and, through this corporate entity, operates or operated the business as a joint or unified enterprise.

4. Plaintiff Gaymon was an employee of Defendants.

5. Plaintiff Gaymon was employed as a surgical technician employee at the facility located at 59-.

6. At all times relevant to this Complaint, Plaintiff Gaymon worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that she worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Gaymon appropriately for any hours worked.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Gaymon to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

9. Defendants' conduct extended beyond Plaintiff Gaymon to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Gaymon and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11. Plaintiff Gaymon now brings this action on behalf of herself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiff Gaymon seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Gaymon's state law claims under 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a medical facility located in this district. Further, Plaintiff Gaymon was employed by Defendants in this district.

15. Plaintiff Gaymon now brings this action for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

## PARTIES

*Plaintiff*

16. Plaintiff Deshika Gaymon ("Plaintiff Gaymon" or "Ms. Gaymon") is an adult individual residing in Queens County, New York.

17. Plaintiff Gaymon was employed by Defendants at Gramercy Surgery Center from approximately February 2020 until September 15, 2020.

18. Plaintiff Gaymon consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b). and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

19. At all relevant times, Defendants own, operate, or control a medical center, located at 59-25 Kissena Boulevard Flushing, NY 11355 under the name "Gramercy Surgery Center".

20. Upon information and belief, Gramercy Surgery Center, Inc. (d/b/a Gramercy Surgery Center) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 380 Second Ave. 10th Fl, New York, NY, 10010.

21. Defendants Austin Cheng, Jeffrey Flynn, and Nelson Gramercy are individual sengaging (or who were engaged) in business in this judicial district during the relevant time period. Defendants Austin Cheng, Jeffrey Flynn, and Nelson Gramercy are sued individually in their capacity as owner, officer and/or agent of Defendant Corporation. Defendants Austin Cheng, Jeffrey Flynn, and Nelson Gramercy possess operational control over Defendant Corporation, have an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation. They determine the wages and compensation of the employees of Defendants, including Plaintiff Gaymon, establish the schedules of the employees, maintains employee records, and have the authority to hire and fire employees.

**FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

22. Defendants operate a medical facility located in the Flushing section of Queens in New York City.

23. Individual Defendant, Austin Cheng, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

24. Individual Defendant, Jeffrey Flynn, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

25. Individual Defendant, Nelson Gramercy, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

26. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27. Each Defendant possessed substantial control over Plaintiff Gaymon's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Gaymon.

28. Defendants jointly employed Plaintiff Gaymon and are Plaintiff Gaymon's employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

29. In the alternative, Defendants constitute a single employer of Plaintiff Gaymon.

30. Upon information and belief, Individual Defendant Austin Cheng, Jeffrey Flynn, and Nelson Gramercy operates Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

    a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

    e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

    f) intermingling assets and debts of his own with Defendant Corporation,

    g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

31. At all relevant times, Defendants were Plaintiff Gaymon's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Gaymon, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Gaymon's services.

32. In each year from 2012 to 2017, Defendants had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the facility on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

34. Plaintiff Gaymon is a former employee of Defendants who was employed as a surgical technician.

*Plaintiff Deshika Gaymon*

35. Plaintiff Gaymon was employed by Defendants from approximately February 2020 until September 15, 2020.

36. Defendants employed Plaintiff Gaymon as a surgical technician.

37. Plaintiff Gaymon regularly handled goods in interstate commerce, such as medical supplies and other supplies produced outside the State of New York.

38. From approximately February 2020 until on or about May 2020, Plaintiff Gaymon worked from approximately 6:00 a.m. until on or about 4:00 p.m, 3 days a week (typically 30 hours per week).

39. From approximately May 2020 until on or about September 15 2020, Plaintiff Gaymon worked from approximately 6:00 a.m. until on or about 11:00 a.m one day per week and from approximately 6:00 a.m. until on or about 4:00 p.m four days per week (typically 45 hours per week).

40. Throughout her employment, Defendants paid Plaintiff Gaymon her wages by check.

41. From approximately February 2020 until on or about June 2020, Defendants paid Plaintiff Gaymon on a biweekly basis, at the prorated amount of a fixed annual salary of $70,000.

42. From approximately June 2020 until on or about September 15 2020, Defendants paid Plaintiff Gaymon on a biweekly basis, at the prorated amount of a fixed annual salary of $77,000.

43. Plaintiff Gaymon's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

44. Defendants never granted Plaintiff Gaymon any breaks or meal periods of any kind.

45. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Gaymon regarding overtime and wages under the FLSA and NYLL.

46. Defendants did not provide Plaintiff Gaymon an accurate statement of wages, as required by NYLL 195(3).

47. Defendants did not give any notice to Plaintiff Gaymon of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

48. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Gaymon (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate overtime compensation as required by federal and state laws.

49. Plaintiff Gaymon was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

50. Defendants habitually required Plaintiff Gaymon(and all similarly situated employees) to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

51. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

52. Plaintiff Gaymon was paid her wages by check.

53. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

54. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Gaymon worked, and to avoid paying Plaintiff Gaymon properly for her full hours worked.

55. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

56. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Gaymon (and all similarly situated employees) .

57. Defendants failed to provide Plaintiff Gaymon with accurate wage statements at the time of her payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

## FLSA COLLECTIVE ACTION CLAIMS

58. Plaintiff Gaymon brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

59. At all relevant times, Plaintiff Gaymon and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

60. The claims of Plaintiff Gaymon stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

61. Plaintiff Gaymon repeats and realleges all paragraphs above as though fully set forth herein.

62. At all times relevant to this action, Defendants were Plaintiff Gaymon's employers within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Gaymon (and the FLSA Class Members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for her employment.

63. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

64. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

65. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Gaymon (and the FLSA Class Members), overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

66. Defendants' failure to pay Plaintiff Gaymon (and the FLSA Class Members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

67. Plaintiff Gaymon (and the FLSA Class Members), was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

68.     Plaintiff Gaymon repeats and realleges all paragraphs above as though fully set forth herein.

69.     At all times relevant to this action, Defendants were Plaintiff Gaymon's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Gaymon, control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

70.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Gaymon overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

71.     Defendants' failure to pay Plaintiff Gaymon overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

72.     Plaintiff Gaymon was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

73.     Plaintiff Gaymon repeats and realleges all paragraphs above as though fully set forth herein.

74.     Defendants failed to provide Plaintiff Gaymon with a written notice, in English, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

75. Defendants are liable to Plaintiff Gaymon in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

76. Plaintiff Gaymon repeats and realleges all paragraphs above as though fully set forth herein.

77. With each payment of wages, Defendants failed to provide Plaintiff Gaymon with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

78. Defendants are liable to Plaintiff Gaymon in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gaymon respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Gaymon and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Gaymon's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Gaymon and the FLSA Class members;

(e) Awarding Plaintiff Gaymon and the FLSA Class members damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Gaymon and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Gaymon;

(h) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Gaymon's compensation, hours, wages and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Gaymon;

(j) Awarding Plaintiff Gaymon damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k) Awarding Plaintiff Gaymon damages for Defendants' violation of the NYLL notice

and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff Gaymon liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m) Awarding Plaintiff Gaymon and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff Gaymon and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Gaymon demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       November 9, 2020

                                                                               MICHAEL FAILLACE & ASSOCIATES, P.C.

By:   /s/ Michael Faillace
      Michael Faillace [MF-8436]
      60 East 42nd Street, Suite 4510
      New York, New York 10165
      Telephone: (212) 317-1200
      Facsimile: (212) 317-1620
      *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

September 29, 2020

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Deshika S Gaymon

Legal Representative / Abogado: Michael Faillace & Associates, P.C.

Signature / Firma: [signature]

Date / Fecha: September 29, 2020

*Certified as a minority-owned business in the State of New York*